IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | 8:14CR288 |
| vs. | | TRIAL BRIEF |
| BREAC A. STEWART, | | |
| Defendant. | | |

COMES NOW Plaintiff, the United States of America, and submits its Trial Brief for the purpose of alerting the Court to evidentiary issues that may arise during trial

**A. Summary of the Case**.

The investigation in this case initially focused on Hans Schroeder, who was suspected of distributing marijuana in the Omaha area. On November 6 and 18, 2013, a cooperating witness made controlled buys of marijuana from Schroeder. On December 4, 2013, officers executed search warrants at Schroeder's business, Wake-N-Skate Board House in Omaha; at Schroeder's residence in Waterloo, Nebraska; and Schroeder's vehicle. The search warrants yielded about eighteen pounds of marijuana, cash and other physical evidence such as scales and packaging.

Schroeder and other witnesses are expected to testify that Schroeder was obtaining marijuana from Defendant in California for distribution in the Omaha area and remitting proceeds to Defendant during the time alleged in Counts I, II and III of the Superceding Indictment. Plaintiff expects the evidence will show that Defendant sent shipments of marijuana through the mail and via private couriers, and that proceeds were sent to Defendant through the Wells Fargo bank account; through the mail or shipping companies; via MoneyGram wire transfers; and by private couriers.

   **B.      Stipulations**.

The parties have agreed to stipulate that the following documents are true and correct

copies of the originals, and the information contained in them was made at or near the time of the

recorded events, by a person with knowledge, and was made and kept in the course of a regularly

conducted business activity of the respective businesses:

- Wells Fargo records for an account under the name "We Be Lions";

-  Records from MoneyGram regarding wire transfers from Hans Schroeder and Patrick
  Brittan to Breac A. Stewart;

- Records from Delta, Southwest & United Airlines regarding airline travel and purchases;

- Records from Enterprise Rent-A-Car regarding vehicle rentals.

The parties will stipulate to the introduction of summary charts compiling the cash

deposits and withdrawals from the Wells Fargo account for "We Be Lions," the MoneyGram

transfers and the airline travel.  The parties will further stipulate that Wells Fargo bank was a

financial institution whose activities affected interstate commerce.

Defendant will stipulate that he made the cash withdrawals reflected in the Wells Fargo

account records, and that he received the wire transfers reflected in the MoneyGram records.

The parties have also agreed to stipulate to the authenticity and chain of custody for all

items of physical evidence, and to the laboratory results from testing of the marijuana recovered

during controlled buys and the December 4, 2013 search connected to this case.

### C. Evidentiary Issues

The following are evidentiary issues Plaintiff expects will arise.

**1.     Charts summarizing voluminous writings are admissible under Fed. R. Evid. 1006.**

As previously noted, Plaintiff intends to offer into evidence documents summarizing money transfers through the Wells Fargo bank account under the name "We Be Lions"; MoneyGram wire transfers; and the airline travel of Defendant.  The officers and agents involved in the investigation have reviewed the summaries and are prepared to testify about their contents.

Fed. R. Evid. 1006 authorizes the contents of voluminous writings, which cannot be easily examined in court, to be presented in the form of a chart, summary or calculation.  The use of a chart is proper where (1) it fairly summarizes the evidence, (2) it is used as an aid in understanding the testimony already introduced, and (3) the witness who prepared the chart is subject to cross-examination with all documents used to prepare the summary.  United States v. King, 616 F.2d 1034, 1041 (8th Cir. 1980).

Expected testimony will reflect that the offered documents fairly and accurately summarize the transactions and the airline travel of Defendant.  Due to the detailed and sometimes voluminous information involved, the proposed summaries will be helpful to the jury in assessing the evidence.  As such, the summaries are admissible.

**2.     Co-conspirator statements**

Plaintiff anticipates testimony by cooperating witnesses will include statements by others made during and in furtherance of the conspiracy.  Plaintiff will request the statements be admitted preliminarily under United States v. Bell, 573 F.2d 1040 (8th Cir. 1978), with a final determination made following the close of all the evidence.

**D. Forfeiture Issue**

The Superceding Indictment includes a Forfeiture Allegation.  It seeks a money judgment against Defendant of at least $100,000.  The Forfeiture Allegation is based on several different alternative statutory bases, including proceeds, property derived from proceeds and property involved in the alleged offenses.

The parties have conferred, and agree that since there is no "specific property" as to which the government is seeking forfeiture, the money judgment issue is one for the Court rather than for a jury.  Fed.R.Crim.P. 32.2(b)(5)(A); United States v. Gregoire, 638 F.3d 962, 972 (8th 2011).

UNITED STATES OF AMERICA

DEBORAH R. GILG
United States Attorney

. By:    s/ John E. Higgins
            JOHN E. HIGGINS, #19546
            Assistant U.S. Attorney
            1620 Dodge Street, Suite 1400
            Omaha, NE  68102-1506
            Tel:  (402) 661-3700
            Fax:  (402) 661-3084
            E-mail:  john.higgins@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: attorney on record.

s/ John E. Higgins
Assistant U.S. Attorney